IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| KAREN WILKER DANIEL, | ) | Cause No. CV 10-43-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE FERRITER; MONTANA | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On September 13, 2010, Petitioner Karen Daniel filed this action seeking a writ

of habeas corpus under 28 U.S.C. § 2254.  Petitioner is a state prisoner proceeding pro

se.  She challenges a conviction for issuing a bad check (common scheme).

On October 4, 2010, Petitioner was ordered to show cause why her petition

should not be dismissed with prejudice as time-barred and as procedurally defaulted.

She responded on November 8, 2010.  Based on the response, there is no need to

discuss the time bar.  All of Petitioner's claims are procedurally defaulted, and because the default is unexcused, the petition is barred in its entirety.

## I. Analysis

A federal habeas court generally will not hear a state prisoner's claims unless they were fairly presented to the state courts first.  Rose v. Lundy, 455 U.S. 509, 520 (1982).  If the state courts declined to hear the claims because the prisoner failed to comply with firmly established and consistently applied state procedural rules, Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005), and if application of the State's rules does not depend on the merits of prisoner's federal claims, Ake v. Oklahoma, 470 U.S. 68, 74-75 (1985), the federal court must honor the State's rules, Coleman v. Thompson, 501 U.S. 722, 729-32 (1991).

Judgment was entered against Petitioner in the trial court on February 19, 2009.  Pet. (doc. 1) at 2 ¶ 2.  In October 2009, Petitioner filed a "Motion to Correct Illegal Sentence" in the trial court.  The motion was denied because it did not meet the threshold requirements of a petition for postconviction relief.  Order at 1, State v. Daniel, No. DA 10-0156 (Mont. Aug. 17, 2010).  Petitioner appealed, but the Montana Supreme Court dismissed the appeal as untimely.  Id. at 2.

Filing deadlines are adequate and independent state grounds for a state court's judgment.  E.g., Coleman, 501 U.S. at 741, 744.  Therefore, any claims in the federal

petition that were raised in state court are defaulted because Petitioner failed to comply with a state procedural rule.  Any claims in the federal petition that were not raised in state court are defaulted because no state remedies remain available to Petitioner.  Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc); see also Mont. Code Ann. § 46-21-102(1) (setting one-year limitations period for filing state postconviction petitions); Mont. R. App. P. 4(6) (governing out-of-time appeal).

Petitioner attempts to show cause and prejudice to excuse her default in state court.  Cook v. Schriro, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  She responds that she was "pursuing her rights diligently" but was hampered by the state trial court's three-month delay in ruling on her motion, by being incarcerated in Colorado without access to Montana law, and by her case manager's failure to mail "paperwork."[1]  Resp. to Order (doc. 7) at 2.

Petitioner knew, however, that she could file a petition for postconviction relief. The trial court told her so in its order denying her "Motion to Vacate Illegal Sentence."  Order at 1, State v. Daniel, No. DA 10-0156 (Mont. Aug. 17, 2010); see

---

[1] Petitioner argued in the Montana Supreme Court that her notice of appeal was timely because it was mailed from the Colorado prison on the deadline.  Resp. to Mot. to Dismiss at 2, Daniel, No. DA 10-0156 (Mont. filed Aug. 9, 2010).  The Montana Supreme Court held that the "prison delivery rule" is not recognized in Montana. Order at 2, Daniel, No. DA 10-0156.  In this Court, Petitioner alleges different facts, contending that her case manager said she mailed "paperwork" but did not.  Resp. to Order at 2.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

also Mot. to Dismiss at 2, Daniel, No. DA 10-0156 (Mont. filed July 27, 2010).  She

also knew she could seek leave to file an out-of-time appeal, because the Montana

Supreme Court told her so.  Order at 2, Daniel, No. DA 10-0156 ("Absent an order

granting an out-of-time appeal, the untimely filing of a notice of appeal requires

dismissal."); see also Mot. to Dismiss at 4.

      Petitioner cannot show that any of the facts she mentions actually caused her

default in the state courts.  She could either have filed a postconviction petition or

moved the Montana Supreme Court to allow an out-of-time appeal.  She did neither.

An out-of-time appeal is no longer available because at this point Petitioner could

show only ordinary neglect, not extraordinary circumstances.  Mont. R. App. P. 4(6).

Nor can Petitioner show actual innocence.  Her statement that the county attorney has

an e-mail from the bank manager stating that Petitioner's checks were paid, Pet. at 4,

is a long way from proving the innocence of someone who pled guilty pursuant to a

plea agreement.

      Petitioner can neither cure nor excuse her procedural default.  Her petition

should be dismissed with prejudice.

## II. Certificate of Appealability

      "The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254

Cases.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack, 529 U.S. at 484).

Here, Petitioner's claims do not make a strong prima facie case, and there is no room for doubt that the procedural default is unexcused.  The Montana courts advised Petitioner of two options under which she could have proceeded.  She did not take their advice.  No reasonable jurist could find that Petitioner's choice of how to file in state court takes precedence over the State's rules.  A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as procedurally barred.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Petitioner must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of this case without notice to her.

DATED this 16th day of November, 2010.


 /s/ Keith Strong
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6